UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-631-H

PAUL WHITEWOOD                                                                                                PLAINTIFF

V.

ROBERT BOSCH TOOL CORP.                                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This case concerns a dispute between Plaintiff, Paul Whitewood, and his former employer, Robert Bosch Tool Corp. ("Defendant"), about the amount of severance benefits due under an employment contract. Defendant agreed to pay a severance of approximately $31,000 if Plaintiff remained at his employment for a certain period of time and signed a required release upon his leaving employment. Plaintiff worked for the requisite time period. However, the parties dispute whether he was willing to sign the appropriate release. Defendant withheld the severance payment and Plaintiff has sued.

In the original complaint, Plaintiff asserted claims for (1) statutory relief under KRS 337.385, (2) breach of contract, (3) promissory estoppel, (4) unjust enrichment, and (5) prejudgment interest. In a Memorandum Opinion and Order dated February 15, 2005, this Court dismissed Plaintiff's statutory claim on the grounds that such a claim must first be brought before the Commissioner of Labor. *See* KRS 337.310; *Early v. Campbell County Fiscal Court*, 690 S.W.2d 398, 399 (Ky. Ct. App. 1985). The Court found that Plaintiff had no claim under KRS 337.020 through .285. Rather, he was asserting a breach of contract claim.

Plaintiff now has filed an amended complaint in he which admittedly attempts to accomplish the same objective through a different means.  He has deleted Counts 1, 3, 4 and 5 from the original complaint and now asserts only one cause of action for breach of contract in the main body of the amended complaint.  However, in paragraph 27 he asserts that in breaching the contract Defendant acted in bad faith and that therefore it is liable for "double damages, attorney's fees and costs under KRS 337.385."  At first blush, one would think that such an amendment would not be appropriate.  Not surprisingly, Defendant has moved to deny the motion for leave to amend.  The Court has discussed the issues with the parties.

The Court has thoroughly reviewed the role of Chapter 337 in wage and contract disputes.  This review does not reveal entirely consistent results.  In the near term, the Kentucky Supreme Court seems unlikely to clarify the current law.  Nevertheless, the Court can say with confidence that the Chapter 337 statutory scheme requires an employee asserting a violation of its minimum provisions to first bring an administrative claim with the Commissioner of Labor. *Early v. Campbell County Fiscal Court, supra*; *McMichael v. Falls City Towing Co.*, 199 F.Supp.2d 632, 636 (W.D. Ky. 2002).  Plaintiff's amended complaint does not make such allegations.  On the other hand, an employee asserting a claim based upon the violation of a written contract need not bring such an administrative action.  *Noel v. Season-Sash, Inc.*, 722 S.W.2d 901, 903 (Ky. Ct. App. 1986).  An employee with such a claim may proceed directly to state or federal court.  Plaintiff's amended complaint fits this category.  The next part of the analysis seems less clear.

Where one's claim arises not from a violation of the minimum requirements of Chapter 337, but rather from a breach of contract, it would seem logical that the remedy provisions of

2

KRS 337.385 are also without recourse.  However, the Kentucky Court of Appeals has held otherwise.  In *Noel v. Season-Sash*, the Court of Appeals said that a plaintiff in a breach of contract case may seek the statutory damages provided in KRS 337.385.  Specifically, the court said that because "he made reference to certain sections of KRS 337 in his complaint did not otherwise destroy the underpinnings of his claim.  Furthermore, we believe it appropriate for the appellant to have mentioned these statutory provisions in order to recover double damages costs and attorney's fees as provided for in KRS 337.385."  The Court then cited *Healthcare of Louisville v. Kiesel*, Ky. App., 715 S.W.2d 246 (1986) as support for this conclusion.  Thus, the Court seemed to be saying that such a claim for statutory was not a separate cause of action.  Rather, the damage claims under § 385 may be premised upon a breach of contract and bad faith.  This is precisely the course Plaintiff seeks to pursue here.

      The conclusions in *Noel* do seem to run directly contrary to the specific language of §385 that limits the circumstances under which statutory damages are permissible:

> "Any employer who pays any employee less than wages and overtime compensation to which such employee is entitled under or by virtue of KRS 337.020 to 337.285 shall be liable to such an employee effective for the full amount of such wages and overtime compensation, less any amount actually paid to such employee by the employer, for an additional equal amount as litigated damages, and for costs of such reasonable attorney's fees as may be allowed by the court."

By these strict terms, one may seek statutory damage only where the employer pays less than the wages and overtime compensation required under the specified sections of Chapter 337.  This language alone might lead this Court to a different conclusion than *Noel*.  The Court notes that neither the *Noel* nor *Kiesel* courts included significant analysis of the issue.  In particular, *Kiesel* contained no discussion of the issue.  The currently pending appeal to the Kentucky Supreme

3

Court in *Smith v. Housing Authority of Middlesborough* does not appear to concern this particular issue.

This Court is left with the less than comprehension discussions in *Noel* and *Kiesel* to determine how Kentucky courts would rule in circumstances such as this. Based on *Noel* in particular, however, the Court concludes that Kentucky courts currently would allow a plaintiff a breach of contract case to assert damages for bad faith under § 385. Therefore, the manner in which Plaintiff has now phrased his complaint is permissible. The breach of contract claim containing the request for bad faith damages under KRS 337.385 is not legally frivolous.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for leave to file his first amended complaint is SUSTAINED.

cc: Counsel of Record