UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-631-H

| | |
|---|---|
| PAUL WHITEWOOD | PLAINTIFF |
| V. | |
| ROBERT BOSCH TOOL CORP. | DEFENDANT |

**MEMORANDUM OPINION AND ORDER**

In a supplemental trial brief submitted days before trial, Plaintiff Paul Whitewood seeks to recoup attorney's fees under a novel theory that such fees are consequential damages recoverable under Ky. Rev. Stat. Ann. § 446.070 (2007).[1]  Defendant Robert Bosch Tool Corp. ("Bosch") opposes that claim and moves the Court to preclude any reference to attorneys' fees at trial because such evidence would be irrelevant and prejudicial.  The Court finds that Plaintiff's theory fails as a procedural matter because he failed to properly plead such a claim.  Moreover, his theory is substantively deficient because Ky. Rev. Stat. Ann. § 446.070 does not apply when, as here, the statute defines a remedy, and Kentucky courts generally disallow recovery of attorney's fees absent special statutes or agreement of the parties.

Plaintiff seeks attorneys' fees as consequential damages under Ky. Rev. Stat. Ann. § 446.070.  He argues that section 446.070 provides damages for an alleged unlawful withholding of wages in violation of Ky. Rev. Stat. Ann. § 337.055.[2]  However,

---

[1] "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."  Ky. Rev. Stat. Ann. § 446.070.

[2] Section 337.055 requires employers to pay all wages and salary upon an employee's dismissal or voluntary leaving within the next pay period or fourteen days, whichever last occurs.  Ky. Rev. Stat. Ann. § 337.055.

Plaintiff failed to properly plead a claim for a violation of section 337.055.  Plaintiff's First Amended Complaint contains no mention of either section 337.055 or 446.070, and his Motion for Leave to file a second amended complaint was denied in an October 3, 2006 Order denying "all other pending motions."  Thus, he cannot raise such a claim on the eve of trial.

Plaintiff's theory also fails as a substantive matter.  Ky. Rev. Stat. Ann. § 446.070 does not apply when a statute explicitly stipulates a remedy for its violation.  Section 446.070 "was passed to remove any doubt that might arise as to the right of a person for whose protection a statute was passed to recover for a violation of that statute, where the statute was penal in its nature, or where by its terms the statute did not prescribe a remedy for its enforcement of violation."  *Thompson v. Breeding,* 351 F.3d 732, 736 (6th Cir. 2004) (citing *Hackney v. Fordson Coal Co.*, 19 S.W.2d 989, 990 (1929)).  In *Thompson*, the Sixth Circuit noted that "The Kentucky Supreme Court has carefully limited the applicability of section 446.070 to situations where the statute that was allegedly violated provides no remedy for the aggrieved party."  *Id.* at 737.  Plaintiff argues that by allegedly withholding wages, Bosch violated portions of the Kentucky Wages and Hours Act, Ky. Rev. Stat. Ann. §§ 337.055 - 337.060.  However, the Kentucky General Assembly provided an express remedy for such violations in Ky. Rev. Stat. Ann. § 337.385.[3]  Since the statute describes its own remedy, Ky. Rev. Stat. Ann. § 446.070 does not apply.

Moreover, Kentucky courts generally disallow recovery of attorney's fees, and this Court has found no case awarding attorney's fees under Ky. Rev. Stat. Ann. § 446.070.  Kentucky courts adhere to what is referred to as the 'American Rule', which provides that the prevailing litigant is ordinarily not entitled to collect reasonable

---

[3] In an October 3, 2006 Memorandum Opinion and Order, this Court dismissed Plaintiff's claim for bad faith, liquidated damages, and attorneys' fees under Ky. Rev. Stat. Ann. § 337.385, finding that since Plaintiff was employed in a professional capacity, he is excluded from the statutory remedy.

attorneys' fees from the loser. *Flag Drilling Co., Inc. v. Erco, Inc.*, 156 S.W.3d 762, 766 (Ky. App. 2005). Plaintiff cannot recover attorney's fees absent express contractual or statutory authority. *See, e.g., CSX Transportation, Inc. v. Frist Nat'l Bank of Grayson*, 14 S.W.3d 563, 569 (Ky. Ct. App. 2000). In this case, the only express statutory language providing for attorneys' fees for a wages and hours law violation is found in Ky. Rev. Stat. Ann. § 337.385, upon which this Court has already ruled. Ky. Rev. Stat. Ann. § 446.070 does not give Plaintiff another bite at the apple.

Since attorneys' fees are unavailable to Plaintiff under either Section 337.385 or 446.070, evidence relating to attorneys' fees is not relevant under Fed. R. Evid. 401 and therefore inadmissible under Fed. R. Evid. 402. Moreover, such evidence would be unduly prejudicial under Fed. R. Evid. 403.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants amended motion in limine is SUSTAINED and evidence of attorneys' fees is inadmissible at trial.

cc:     Counsel of Record