UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-631-H

PAUL WHITEWOOD                                                                                           PLAINTIFF

V.

ROBERT BOSCH TOOL CORP.                                                                    DEFENDANT

### MEMORANDUM OPINION AND ORDER

On March 14, 2007, a jury returned a verdict in favor of Plaintiff against Defendant on a claim of withheld severance and retention pay in the amount of $31,875.00. Subsequently, Defendant moved for a judgment notwithstanding the verdict and Plaintiff moved for an award of prejudgment interest. The Court will now consider each motion.

I.

The Court has discussed the relative merits of Plaintiff's claim that the Separation Agreement constituted a new and additional material requirement to receive the severance and retention package. The Court's pretrial analysis, its comments during trial and the post-trial briefs all demonstrate that the parties dispute certain events and disagree as to the interpretation of others.

The Court need not refute each of Defendant's arguments. Indeed, some are perfectly reasonable and believable. However, each are subject to either different interpretations or are called into question by other evidence. The Court concludes that the evidence presented a sufficient basis for the jury to find that the Separation Agreement imposed new and material

terms on Plaintiff. Thus, Defendants breached their original agreement and Plaintiff is entitled to the judgment as entered.

## II.

Plaintiff asks for prejudgment interest at the rate of eight percent (8%) per annum from March 31, 2004. Plaintiff made a number of contractual and statutory claims. He prevailed on only one of them. However, that contractual claim required the payment of a liquidated amount–$31,875.00–on or about March 31, 2004. The jury determined that Defendant had breached its agreement by requiring additional conditions in the Separation Agreement.

Though it is true that Defendant has offered to pay the liquidated amount since March, 2004; to accept required Plaintiff to execute an agreement in breach of the existing contract. The evidence is that Plaintiff would have happily signed a Separation Agreement without the offending language. Because the judgment finally entered was a liquidated amount due under the existing contract, the Court concludes that interest is due from March 31, 2004.

The amount of interest is not a penalty. Defendant and counsel have conducted themselves admirably throughout this litigation and have been more than forthcoming in their attempts to resolve this case. Indeed, it was this Court's opinion that this dispute should have been settled for the judgment amount long ago. Defendant may still require Plaintiff to execute a general release of all claims and other standard language, but not language that prohibits his future employment with Defendant.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for judgment notwithstanding the verdict is DENIED.

IT IS FURTHER ORDERED that Plaintiff is entitled to interest on the judgment at the rate of eight percent (8%) per annum from March 31, 2004.

This is a final order.

cc:     Counsel of Record