UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FILED**

Jeffrey A. Apperson, Clerk

SEP 30 2009

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

CIVIL ACTION NO. 3:04CV-631-H

PAUL WHITEWOOD                                                      PLAINTIFF

V.

ROBERT BOSCH TOOL CORP.                                  DEFENDANT

## JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all of the evidence and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.  Do not single out one instruction alone as stating the law but you should consider the instructions as a whole.  Nor should you be concerned with the wisdom of any rule of law stated by the Court.  You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.  It is your own interpretation and recollection of the evidence that controls.  The statements, objections, and arguments made by the lawyers are not evidence.  What the lawyers have said to you is not binding upon you.  You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate.  You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness.  In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact.  You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

In this case it is Plaintiff's responsibility to persuade you that his claim is more likely true than not.  If Plaintiff fails to persuade you on every essential element of his claim, then you should find for Defendant on that claim.

## INSTRUCTION NO. 1

Plaintiff contends that the Separation Agreement, which he refused to sign, constitutes a new condition or additional material requirement to the severance and retention package offered by Bosch on or about May 13, 2003.  If the Separation Agreement is a new condition or an additional material requirement, then Plaintiff was within his rights to refuse to sign it, and still receive the severance benefits promised. However, if the Separation Agreement is within the meaning of the release conditions of the original offer, then Plaintiff's refusal to sign it excuses Defendant's obligation to pay the severance and retention benefits promised.

Question 1: Do you find that the re-application prohibition in paragraph one of the Separation Agreement is a new or additional material requirement to the severance and retention offer communicated to Plaintiff on or about May 13, 2003?  Indicate your answer, either yes or no, on the Verdict Form under Question No. 1.  If you answer "yes" to Question No. 1, go on to Instruction No. 2.  If you answer "no" to Question No. 1, sign and date the Verdict Form and return to the courtroom.

3

## INSTRUCTION NO. 2

Plaintiff could accept the Bosch offer of a severance and retention package by remaining employed at Bosch until March 31, 2004.  However, if Plaintiff rejected Bosch's offer before March 15, 2004, even though he remained employed with Bosch, Bosch is not responsible for giving him the severance and retention package.  Therefore, you must determine whether Plaintiff rejected Bosch's offer.  To find such a rejection, Plaintiff must have done something or said something before March 15, 2004, that showed Bosch he intended not to accept its offer.

For purposes of Instruction No. 2 only, you may not consider Plaintiff's refusal to sign the Separation Agreement, based on the re-application provision, as evidence of such rejection.  You may consider any other evidence or reasons.

Question 2: Do you find that prior to March 15, 2004, Plaintiff rejected Bosch's severance offer communicated to Plaintiff on or about May 13, 2003?  Indicate your answer, either yes or no, on the Verdict Form under Question No. 2.

Therefore, if you have answered "yes" to Instruction No. 1 and "no" to Instruction No. 2, the Court will enter a judgment for Plaintiff against Bosch in the amount of $31,875.

4

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the verdict upon which you unanimously agree with respect to each issue in this case; you will then return with your verdict to the courtroom.